FILED

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

2011 DEC -5  PM 3: 22

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

KENNETH MILLS

     Plaintiff,

Case No.: 3:11-CV-1196-J-37TEM

v.

AK SECURITY SERVICES, LLC

     Defendant.

_____/

## COMPLAINT

COMES NOW the Plaintiff, KENNETH MILLS, ("PLAINTIFF"), and files this Complaint against Defendant, AK SECURITY SERVICES, LLC ("DEFENDANT"), respectfully stating unto the Court the following:

### GENERAL ALLEGATIONS

1. This is a cause of action for damages in excess of $15,000.00.

2. At all material times PLAINTIFF was a resident of Jacksonville, Florida.

3. At all material times, DEFENDANT was a Florida corporation with its principal place of business at 3390 Kori Road #2, Jacksonville, Florida 32257.

### BACKGROUND

4. PLAINTIFF brings this action to require DEFENDANT to pay back wages owed to PLAINTIFF, which DEFENDANT failed to pay in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, *et seq*. ("the Act" or "FLSA") and for common law defamation.  PLAINTIFF seeks permanent injunctive relief and damages suffered as the result of that conduct.

5. At all relevant times, DEFENDANT acted through its officers, agents, servants and

employees.

6. On or about February 14, 2011, PLAINTIFF was hired as an armed security officer by DEFENDANT to work in various locations assigned by DEFENDANT in and around Jacksonville, Florida.

7. DEFENDANT failed to pay plaintiff for all the time he worked. Instead, DEFENDANT routinely required plaintiff to work beyond 40 hours per week with no additional compensation being offered at time and one-half for hours worked beyond 40 per week

8. PLAINTIFF's schedule as an employee of OPS employee was 44 hours per week, with shifts on Monday and Tuesday from 5:00 p.m. to 3:00 a.m., and Saturday and Sunday from 7:00 p.m. to 7:00 a.m.

9. During his time as an OPS employee, PLAINTIFF often arrived at work early, worked through lunch, stayed late, and worked weekends, as required by his supervisors, causing him to frequently work in excess of 40 hours per week.

10. The Act requires an employer to pay its employees at a rate of at least one and one-half their regular rate for time worked in one work week over forty hours. This is commonly known as "time-and-a-half pay for overtime work."

11. PLAINTIFF was terminated on September 23, 2011.

12. At no point during PLAINTIFF'S employment with DEFENDANT did PLAINTIFF ever receive any overtime compensation in the amount of time and one-half pay.

13. Despite working overtime, PLAINTIFF was never paid time and one-half pay from DEFENDANT for overtime worked.

14. Upon information and belief, DEFENDANT has since the beginning of PLAINTIFF's employment, willingly, deliberately and intentionally refused to pay PLAINTIFF for time

and one-half pay for overtime worked.

15. PLAINTIFF has class D and G security licenses in connection with his work as a security officer.

16. In late September or early October, DEFENDANT, without any basis, contacted the Florida Department of Agriculture and Consumer Services ["FDACS"] in an effort to have PLAINTIFF stripped of his Class D license.

17. Following an investigation, Owen Norman, Investigation Specialist found the charges made by DEFENDANT to be without any evidentiary support and ordered the charges against PLAINTIFF to be dropped, allowing PLAINTIFF to keep his license.

18. PLAINTIFF is owed compensation for time and one-half overtime wages by DEFENDANT, who willingly and knowingly withheld those wages.

## COUNT ONE
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

19. The foregoing paragraphs are hereby incorporated by reference as though fully set forth herein.

20. DEFENDANT regularly engages in commerce and its employees including PLAINTIFF handle and use materials, which have moved in interstate commerce.

21. At all relevant times, DEFENDANT was and is an employer within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, *et seq.* and is subject to the provisions of the Act.

22. PLAINTIFF at all relevant times was an employee of DEFENDANT, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, *et seq.*

23. During the period of time that PLAINTIFF was employed by DEFENDANT, the PLAINTIFF performed overtime work for which no additional compensation was paid to

him by DEFENDANT in violation of the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, *et seq*. More specifically, DEFENDANT violated § 7 of the FLSA by failing to pay time and one-half overtime wages to PLAINTIFF when he was an hourly non-exempt employee who earned overtime pay.

24. Upon information and belief, DEFENDANT's pay system was unilaterally imposed upon PLAINTIFF.

25. DEFENDANT's failure to properly administer a scheme of compensation, including but not limited to actual time, overtime and/or comp time compensation violates the overtime provisions of the FLSA and the regulations thereunder.

26. DEFENDANT's failure to properly administer a compensation scheme for overtime was a willful and knowing violation of the FLSA.

27. Pursuant to 29 U.S.C. §§ 207, 216, DEFENDANT owes PLAINTIFF compensation for compensation for overtime work, and an additional equal amount as liquidated damages, together with an additional sum for attorneys' fees and costs.

WHEREFORE, PLAINTIFF, demands judgment against DEFENDANT for damages in an amount in excess of $15,000.00, together with costs incurred and attorneys fees, and further demands a trial by jury on all issues so triable.

## COUNT TWO
## DEFAMATION

28. The foregoing paragraphs are hereby incorporated by reference as though fully set forth herein.

29. When DEFENDANT published statements to the FDACS, DEFENDANT did so knowing the statements were false, or with a reckless disregard to the truth of those statements, or in the alternative, was negligent in making those statements. Specifically,

DEFENDANT claimed that PLAINTIFF failed to respond to a call involving a fire in a dumpster at Hilltop Apartments and claimed to have videotapes showing this occurred.

30. In fact, PLAINTIFF assisted firefighters in putting out the above-referenced fire.

31. As the result of those statements, PLAINTIFF was damaged in that PLAINTIFF was required to expend his time explaining to an FDACS investigator that the statements were false. PLAINTIFF has been further damaged in that future employers will ask if he has ever been investigated in connection with his security licenses and has suffered mental anguish and personal humiliation.

32. DEFENDANT'S statement was defamatory in that DEFENDANT claimed that PLAINTIFF was not competent to perform his job and carry his license.

33. Upon information and belief, DEFENDANT made the defamatory statements with a desire to strip PLAINTIFF of his license to prevent PLAINTIFF from going to work for a competitor of DEFENDANT.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT for damages in an amount in excess of $15,000.00, including compensatory damages and

other affirmative relief, together with such additional relief as the interests of justice may require, and  further demands a trial by jury on all issues so triable.

       Respectfully submitted this 29th day of November, 2011.

                     Respectfully submitted,

                     **FISHER, BUTTS, SECHREST, WARNER,**
                       **& PALMER, P.A.**


                     _____/s/ Michael D. Sechrest_____
                     **Michael D. Sechrest**
                     Florida Bar No.: 0150710
                     5200 S.W. 91st Terrace, Suite 101
                     Gainesville, FL  32608
                     (352) 373-5922
                     (352) 373-5921 FAX
                     ATTORNEYS FOR PLAINTIFF