UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

KENNETH MILLS

    Plaintiff,

v.

    Case No.: 3:11-CV-1196-J-37TEM

AK SECURITY SERVICES, LLC

    Defendant.

_____/

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

COMES NOW, the Defendant, AK SECURITY SERVICES, LLC, and files their Answer and Affirmative Defenses and Counterclaim, and states as follows:

### ANSWER

1. Defendant admits the allegations contained in paragraph 1 of the Complaint solely for jurisdictional purposes; all other allegations inferred or implied are denied.

2. Defendant admits the allegations contained in paragraph 2 of the Complaint solely for jurisdictional purposes; all other allegations inferred or implied are denied.

3. Defendant admits the allegations contained in paragraph 3 of the Complaint solely for jurisdictional purposes; all other allegations inferred or implied are denied.

4. Defendant admits Plaintiff purports to state a claim pursuant to the "FLSA" in paragraph 4 of the Complaint; all other allegations expressed, inferred or implied are denied.

5. Defendant is without knowledge of the allegations contained in paragraph 5 of the Complaint which are therefore denied.

6. Defendant admits Plaintiff was hired as an armed security officer by Defendant in February 2011 as alleged in paragraph 6 of the Complaint; all other allegations inferred or implied are denied.

7. Defendant denies the allegations in paragraph 7 of the Complaint.

8. Defendant denies the allegations in paragraph 8 of the Complaint.

9. Defendant denies the allegations in paragraph 9 of the Complaint.

10. Defendant admits the FLSA speaks for itself in relation to allegations made in paragraph 10 of the Complaint; all other allegations inferred or implied are denied.

11. Defendant admits Plaintiff was terminated on September 23, 2011.

12. Defendant denies the allegations in paragraph 12 of the Complaint.

13. Defendant denies the allegations in paragraph 13 of the Complaint.

14. Defendant denies the allegations in paragraph 14 of the Complaint.

15. Defendant is without knowledge of the allegations contained in paragraph 15 of the Complaint which are therefore denied.

16. Defendant denies the allegations in paragraph 16 of the Complaint.

17. Defendant denies the allegations in paragraph 17 of the Complaint.

18. Defendant denies the allegations in paragraph 18 of the Complaint.

## COUNT ONE
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

19. Defendant realleges and reavers paragraphs 1 through 18 as though fully set forth herein.

20. Defendant denies the allegations in paragraph 20 of the Complaint.

21. Defendant denies the allegations in paragraph 21 of the Complaint.

22. Defendant denies the allegations in paragraph 22 of the Complaint.

23. Defendant denies the allegations in paragraph 23 of the Complaint.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

25. Defendant denies the allegations in paragraph 25 of the Complaint.

26. Defendant denies the allegations in paragraph 26 of the Complaint.

27. Defendant denies the allegations in paragraph 27 of the Complaint.

## COUNT TWO
## DEFAMATION

28. Defendant realleges and reavers paragraphs 1 through 18 as though fully set forth herein.

29. Defendant denies the allegations in paragraph 29 of the Complaint.

30. Defendant is without knowledge of the allegations set forth in paragraph 30 of the Complaint which are therefore denied.

31. Defendant denies the allegations in paragraph 31 of the Complaint.

32. Defendant denies the allegations in paragraph 32 of the Complaint.

33. Defendant denies the allegations in paragraph 33 of the Complaint.

34. Defendant denies all other allegations in the Complaint, whether express, implied or inferred, including all *ad damnum* clauses and requests for relief.

## AFFIRMATIVE DEFENSES

1. As a first affirmative defense, Defendant avers Plaintiff failed to state a claim pursuant to the FLSA upon which relief can be granted.

2. As a second affirmative defense, Defendant avers it is entitled to an offset of any unpaid FLSA overtime amounts by compensation paid in excess of the hours actually worked by Plaintiff for Defendant.

3. As a third affirmative defense, Defendant avers at all times relevant herein, Defendant acted in good faith and had reasonable grounds for believing its conduct was in compliance with the FLSA pursuant to 29 U.S.C. §260, thereby precluding any award of liquidated damages to Plaintiff.

4. As a fourth affirmative defense, Defendant avers it is relieve from paying Plaintiff overtime wages in that Plaintiff waived any claim to overtime payments due to Plaintiff's acts and omissions, including but not limited to causing Defendant to spend valuable time responding to customer complaints due to Plaintiff carrying unauthorized weapons and using excessive force, and due to Plaintiff's falsifying of certain reports.

5. As a fifth affirmative defense, Defendant avers it is relieved from recording and can disregard any and all insubstantial or insignificant period of time Plaintiff may have worked beyond scheduled working hours pursuant to the regulation and interpretive bulletins of the Department of Labor set forth at 19 C.F.R. 785.47.

6. As a sixth affirmative defense, Defendant avers Plaintiff's request for equitable relief is barred in whole or in part under the doctrine of unclean hands. Plaintiff's errors and omissions in use of the Defendant's time keeping procedure added more time to each pay period than actually worked. Plaintiff's claims are barred due to Plaintiff's other acts and omissions, including but not limited to his knowledge, acquiescence, consent, approval, ratification, participation and/or failure to notify Defendant of the actions complained of in this action. Additionally, Plaintiff documented time as worked, which in reality was spent "off the clock" engaging in personal matters. Several customers of Defendant lodged complaints in relation to Mills' quality of work performed, which caused Defendant to spend valuable time responding to customer complaints. Plaintiff also falsified reports and violated company policy from time to time by carrying unauthorized weapons and using excessive force.

7. As a seventh affirmative defense, Plaintiff was never an employee of Defendant pursuant to the FLSA; Plaintiff was an independent contractor as indicated on his IRS Form 1099.

8. As an eighth affirmative defense, though denying Defendant violated the FLSA, Defendant avers any violation of the FLSA by Defendant was not willful and wholly unintentional.

9. As a ninth affirmative defense, Defendant avers AK Security Services was not an enterprise engaged in commerce pursuant to the FLSA.

10. As a tenth affirmative defense, Defendant avers Plaintiff is not entitled to attorneys' fees pursuant to the FLSA based on the authority of *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162 (S.D. Fla. 2003).

11. As an eleventh affirmative defense, Defendant avers Plaintiff was exempt from the overtime requirements of the FLSA.

12. As a twelfth affirmative defense, Defendant states Plaintiff's claims may be barred by one or more applicable exemptions, including but not limited to the executive, administrative, and/or professional exemption.

13. As a thirteenth affirmative defense, Defendant states Plaintiff's claims are barred because he has been properly paid.

14. As a fourteenth affirmative defense, Defendant states Plaintiff's claims are barred because this Court lacks subject matter jurisdiction over this matter.

15. As a fifteenth affirmative defense, Defendant states Plaintiff's claims are brought in bad faith pursuant to Rule 11 of the Federal Rules of Civil Procedure.

16. As a sixteenth affirmative defense, Defendant avers Plaintiff consented to the publication of any alleged defamatory statements in that Plaintiff precipitated the statement's release pursuant to his class D and G state security license.

17. As a seventeenth affirmative defense, Defendant avers truth is a bar to any alleged defamatory statement claimed by Plaintiff, and Defendant is not liable for defamation as Defendant's statements pertaining to Plaintiff were true.

18. As an eighteenth affirmative defense, Defendant avers upon terminating Mills, who has a class D and G state security license, Defendant is precluded from being held liable for alleged defamation because Defendant was required by State guidelines and procedures to answer questions from the State as to the cause and reasons for the termination of Mills. Defendant did not initiate the investigation of Plaintiff, nor cause the State to investigate the Plaintiff, and any statements provided by the Defendant to the State about the Plaintiff were the result of the State's investigation. Said statements are therefore subject to a qualified privilege and not defamation.

19. As a nineteenth affirmative defense, Defendant avers the alleged defamatory statements are not statements of fact but non-actionable opinion.

WHEREFORE, the Defendant having fully answered the Plaintiff's Complaint and raised affirmative defenses hereby requests this Honorable Court enter an Order dismissing the lawsuit by Plaintiff against Defendant with prejudice, tax costs against Plaintiff and in favor of Defendant, and reserve jurisdiction to consider a timely filed motion for attorney's fees on the authority of *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541 (11th Cir. 1985), and *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428 (11th Cir. 1998). In any event, Defendant is entitled to an award of costs and attorney's fees pursuant to section 448.08, Florida Statutes.

## COUNTERCLAIM

COMES NOW the Counter-Plaintiff, AK Security Services, LLC (hereinafter "AK Security"), and hereby counterclaims and sues the Counter-Defendant, Kenneth Mills (hereinafter "Mills"), and as grounds therefore states as follows:

### GENERAL ALLEGATIONS

1.  This Court has jurisdiction of the underlying matter pursuant to 28 U.S.C. §1337 and the FLSA. Consequently, this Court has supplemental jurisdiction over these state law claims pursuant to 28 U.S.C §1367.

2.  AK Security is a Florida corporation, which has its principal place of business in Duval County, Florida and is otherwise *sui juris*.

3.  Mills is an individual who has availed himself of the jurisdiction of this Court in his underlying claim and is otherwise *sui juris*.

4.  At all times relevant to this action, Mills was hired by AK Security as a security guard. Mills was hired as an independent contractor and was responsible for documenting his time worked.

5.  At various times through Mills' tenure with AK Security, Mills failed to properly document his time, causing his record of hours worked to be greater than the time he actually worked.

6.  Mills documented time as worked, which in reality was spent "off the clock" engaging in personal matters.

7.  Several customers of AK Security lodged complaints in relation to Mills' quality of work performed, which caused AK Security to spend valuable time responding to customer complaints. Additionally, AK Security was forced to spend valuable time correcting reports

falsified by Mills, responding to Mills' several violations which included carrying unauthorized weapons and excessive use of force.

8. In September of 2011, AK Security learned from a client that Mills, along with a fellow employee, was attempting to solicit a third-party competitor to compete with AK Security and providing confidential proprietary information and trade secrets to a third-party in direct violation of a noncompete agreement signed by Mills. *See* Exhibit "A" attached hereto and incorporated by reference herein.

9. Upon investigation, AK Security discovered Mills solicited a third-party competitor and provided the competing company with AK Security's trade secrets and confidential information pertaining to information and processes by which AK Security implements and conducts security for a particular account where Mills was on site providing security services on behalf of AK Security.

10. As a result, AK Security was forced to reduce its contractual rate with the client to avoid losing the client to the third-party competitor, resulting in a significant loss of revenue.

11. AK Security's competitor gained access to their trade secrets and confidential processes thereby deluding the value of AK Security's intellectual property and gaining a substantial advantage when competing for the client.

### COUNT I – UNJUST ENRICHMENT

12. AK Security realleges, reavers and reincorporates by reference all of the allegations contained in paragraphs numbered 1 through 11 of the General Allegations herein.

13. Mills received a financial benefit from the overpayment by AK Security for time based on his failure to properly document time thereby causing his record of hours worked to be greater than the time he actually worked, by documenting time as worked which in reality was spent "off the clock" engaging in personal matters, and by continuing to receive payment even

though AK Security was forced to spend valuable time responding to customer complaints as a result of Mills' quality of performance.

14. Mills accepted these benefits.

15. Mills failed to notify AK Security of such compensation received and accepted by Mills which was note earned or owed to Mills.

16. By virtue of the circumstance surrounding the procurement of AK Security's overpayment specified herein, Mills knowingly and voluntarily accepted the benefits bestowed.

17. It would be inequitable for this court to allow Mills to retain the benefits or to be unjustly enriched at the expense of AK Security.

WHEREFORE, Counter-Plaintiff AK Security respectfully requests this Honorable Court enter a judgment in favor of AK Security and against Counter-Defendant Mills for damages together with interest, costs of suit and such further relief as this Court deems just and proper.

## COUNT II – BREACH OF CONTRACT

18. AK Security realleges, reavers and reincorporates by reference all of the allegations contained in paragraphs numbered 1 through 11 of the General Allegations herein.

19. AK Security and Mills entered into a noncompete agreement attached hereto as Exhibit "A".

20. The noncompete agreement provides Mills "agrees to retain said information as confidential and not use said information on his own behalf or disclose same to any third party."

21. Mills breached the noncompete agreement when he solicited a company and provided the company with AK Security's trade secrets and confidential information pertaining to an AK Security account where Mills was on site providing security services on behalf of AK Security.

22. As a result, AK Security suffered damages in that AK Security was forced to reduce its contractual rate with the client, resulting in a significant loss of revenue, and in that AK Security's competitors gained access to their trade secrets and confidential processes thereby deluding the value of AK Security's intellectual property.

WHEREFORE, Counter-Plaintiff AK Security respectfully requests this Honorable Court enter a judgment in favor of AK Security and against Counter-Defendant Mills for compensatory, consequential, and incidental damages, together with interest, costs of suit and such further relief as this Court deems just and proper.

**COUNT III – MISAPPROPRIATION OF TRADE SECRET INFORMATION**

23. AK Security realleges, reavers and reincorporates by reference all of the allegations contained in paragraphs numbered 1 through 11 of the General Allegations herein

24. This is an action by AK Security against Defendant Mills for misappropriation of the confidential proprietary information and trade secrets as pled in paragraphs 8 through 11.

25. Mills misappropriated and converted to his own use AK Security's confidential proprietary information and trade secret processes, and provided them to a third-party competitor with the intent of damaging AK Security. This information constitutes trade secret information belonging solely to AK Security.

26. Pursuant to the noncompete agreement, Mills owed a duty to AK Security to retain this information as confidential and not to use the information on his own behalf or disclose same to any third-party.

27. Mills breached this duty by knowingly, intentionally and unjustifiably converting the trade secret and confidential proprietary information to his own use and using them for unauthorized purposes.

28. Mills misappropriation of trade secrets and confidential proprietary information was willful and malicious in that he knew the trade secrets were AK Security's property, and he intentionally misappropriated the trade secrets in order to achieve financial gain while simultaneously injuring AK Security.

29. The damages to AK Security are irreparable because AK Security cannot maintain the confidential information after its trade secrets have been misappropriated and become known to others. Furthermore, AK Security's current clients, lead sources and future client leads are in jeopardy of harm as a result of the misappropriation of AK Security's trade secrets. Mills should not financially profit and AK Security should not lose market share as a result of Mills' misappropriation of AK Security's trade secrets.

30. As a result of the misappropriation of the trade secrets, AK Security has been damaged as pled in paragraphs 10 to 11.

WHEREFORE, Counter-Plaintiff AK Security respectfully requests this Honorable Court enter a judgment in favor of AK Security for injunctive relief against Counter-Defendant Mills, and for compensatory, consequential, and incidental damages, together with interest, costs of suit and such further relief as this Court deems just and proper.

### COUNT VII – VIOLATION OF UNIFORM TRADE SECRETS ACT

31. AK Security realleges, reavers and reincorporates by reference all of the allegations contained in paragraphs numbered 1 through 11 of the General Allegations herein.

32. This is an action by AK Security against Mills for violation of Chapter 688, Florida Statutes, Florida's Uniform Trade Secrets Act in relation to facts pled in paragraphs 8 through 11.

33.  The trade secrets and confidential proprietary information misappropriated by Mills were subject to reasonable efforts taken by AK Security to maintain the secrecy and privacy of such information and material.

34.  The trade secrets and confidential proprietary information misappropriated by Mills derived independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by other persons who could obtain a common value from its disclosure or use.

35.  The trade secrets and confidential proprietary information misappropriated by Mills constitute "trade secrets" as that term is defined in Chapter 688, Florida Statutes.

36.  As a direct and proximate result of the Mills' improper actions in wrongfully taking and, upon information and belief, using the trade secrets, AK Security has been damaged as pled in paragraphs 10 to 11.

37.  Mills has willfully and maliciously misappropriated AK Security's confidential proprietary information and trade secrets, and as such, Mills is liable for AK Securities' attorney's fees pursuant to Section 688.005, Florida Statutes.

WHEREFORE, Counter-Plaintiff AK Security respectfully requests this Honorable Court enter a judgment in favor of AK Security for injunctive relief against Counter-Defendant Mills, and for compensatory, consequential, and incidental damages, together with interest, costs of suit, attorney's fees and such further relief as this Court deems just and proper.

SHARMA & MOORE, P.A.

/s/ Ben Moore
BENJAMIN C. MOORE, ESQUIRE
Florida Bar No.: 773581
12058 San Jose Blvd., Suite 501
Jacksonville, FL 32223
Email: Ben@SharmaMoore.com

(904)428-8236 telephone
(480)393-4935 E-Facsimile
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 17, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notice of Electronic Filing generated by CM/ECF.

/s/ **Ben Moore**
Attorney

## SERVICE LIST

Michael D. Sechrest, Esq.
Fisher, Butts, Sechrest, Warner, & Palmer, P.A.
5200 S.W. 91st Terrace, Suite 101
Gainesville, FL 32608