UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

KENNETH MILLS and ROCKIE ZUFELT,
on behalf of themselves and those similarly
situated,

    Plaintiffs/Counter-Defendants,

v.

AK SECURITY SERVICES, LLC,

    Defendant/Counter-Plaintiff,

and ALEXANDER KRASNOV,

    Defendant.

Case No.: 3:11-cv-1196-J-37TEM
consolidated with
Case No.: 3:11-cv-1197-J-37TEM

## AMENDED COMPLAINT

COME NOW the Plaintiffs, ROCKIE ZUFELT and KENNETH MILLS (collectively "PLAINTIFFS"), and file this Amended Complaint against DEFENDANTS, AK SECURITY SERVICES, LLC ("AK") and ALEXANDER KRASNOV ("KRASNOV") (collectively "DEFENDANTS"), respectfully stating unto the Court the following:

### GENERAL ALLEGATIONS

1. This is a cause of action for damages in excess of $15,000.00.

2. At all material times, PLAINTIFFS were residents of Jacksonville, Florida.

3. At all material times, AK was a Florida corporation with its principal place of business at 3390 Kori Road #2, Jacksonville, Florida 32257.

4. At all material times, KRASNOV was and is an individual resident of the State of Florida who owns, operates, manages, and/or operates AK and who regularly exercised authority to hire and fire employees, determine the work schedule of employees, set the rate of pay

for employees, and who controls the finance and operations of AK.

## BACKGROUND

5. PLAINTIFFS bring this action to require DEFENDANTS to pay back wages owed to PLAINTIFFS and similarly situated employees, which DEFENDANTS failed to pay in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, *et seq.* ("the Act" or "FLSA") and for common law defamation. PLAINTIFFS seek permanent injunctive relief and damages suffered as the result of that conduct.

6. At all relevant times, DEFENDANTS acted through their officers, agents, servants and employees.

7. In or around February, 2011, PLAINTIFFS were hired as armed security officers by DEFENDANTS to work in various locations assigned by DEFENDANTS in and around Jacksonville, Florida.

8. DEFENDANTS failed to pay plaintiffs for all the time they worked. Instead, DEFENDANTS routinely required plaintiffs and others similarly situated to work beyond 40 hours per week with no additional compensation being offered at time and one-half for hours worked beyond 40 per week.

9. PLAINTIFFS' schedule as employees of DEFENDANTS was 44 hours per week, with shifts on Monday and Tuesday from 5:00 p.m. to 3:00 a.m., and Saturday and Sunday from 7:00 p.m. to 7:00 a.m.

10. During their employment with DEFENDANTS, PLAINTIFFS and those similarly situated often arrived at work early, worked through lunch, stayed late, and worked weekends, as required by their supervisors, causing them to frequently work in excess of 40 hours per week.

2

11. The Act requires an employer to pay its employees at a rate of at least one and one-half times their regular rate of pay for time worked in one work week over forty hours. This is commonly known as "time-and-a-half pay for overtime work."

12. PLAINTIFFS were terminated on September 23, 2011.

13. At no point during PLAINTIFFS' employment with DEFENDANTS did PLAINTIFFS ever receive any overtime compensation in the amount of time and one-half pay.

14. Despite working overtime, PLAINTIFFS and similarly situated employees were never paid time and one-half pay from DEFENDANTS for overtime worked.

15. Upon information and belief, DEFENDANTS have, since the beginning of PLAINTIFFS' employment, willingly, deliberately and intentionally refused to pay PLAINTIFFS and similarly situated employees for time and one-half pay for overtime worked.

16. PLAINTIFFS have class D and G security licenses in connection with their work as security officers.

17. In late September or early October, DEFENDANTS, without any basis, contacted the Florida Department of Agriculture and Consumer Services ["FDACS"] in an effort to have PLAINTIFFS stripped of their Class D licenses.

18. Following an investigation, Owen Norman, Investigation Specialist found the allegations made by DEFENDANTS to be without any evidentiary support and ordered the charges against PLAINTIFFS to be dropped, allowing PLAINTIFFS to keep their licenses.

19. PLAINTIFF and similarly situated employees are owed compensation for time and one-half overtime wages by DEFENDANTS, who willingly and knowingly withheld those wages.

## COUNT ONE
## <u>VIOLATION OF THE FAIR LABOR STANDARDS ACT</u>

20. The foregoing paragraphs are hereby incorporated by reference as though fully set forth herein.

21. DEFENDANT AK regularly engages in commerce and its employees including PLAINTIFFS and those similarly situated handle and use materials, which have moved in interstate commerce.

22. At all relevant times, DEFENDANTS were and are employers within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, *et seq.* and are subject to the provisions of the Act, and KRASNOV made the decision to misclassify PLAINTIFFS and others similarly situated as exempt employees and at all relevant times was a person acting directly or indirectly in the interest of an employer in relation to AK'S employees, including PLAINTIFFS and others similarly situated.

23. PLAINTIFFS and those similarly situated were at all relevant times employees of DEFENDANTS, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, *et seq.*

24. During the period of time that PLAINTIFFS was employed by DEFENDANTS, the PLAINTIFFS and similarly situated employees performed overtime work for which no additional compensation was paid to them by DEFENDANTS in violation of the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, *et seq.* More specifically, DEFENDANTS violated § 7 of the FLSA by failing to pay time and one-half overtime wages to PLAINTIFF and similarly situated employees when they were hourly non-exempt employees who earned overtime pay.

25. Upon information and belief, DEFENDANTS' pay system was unilaterally imposed

upon PLAINTIFFS and similarly situated employees.

26. DEFENDANTS' failure to properly administer a scheme of compensation, including but not limited to actual time, overtime and/or comp time compensation violates the overtime provisions of the FLSA and the regulations thereunder.

27. DEFENDANTS' failure to properly administer a compensation scheme for overtime was a willful and knowing violation of the FLSA.

28. Pursuant to 29 U.S.C. §§ 207, 216, DEFENDANTS owe PLAINTIFFS and similarly situated employees compensation for overtime work, and an additional equal amount as liquidated damages, together with an additional sum for attorneys' fees and costs.

WHEREFORE, PLAINTIFFS, demand judgment against DEFENDANTS for back pay, liquidated damages, attorneys' fees, and costs of litigation and further demand a trial by jury on all issues so triable.

## COUNT TWO
## DEFAMATION

29. The foregoing paragraphs are hereby incorporated by reference as though fully set forth herein.

30. When DEFENDANTS published statements to the FDACS, DEFENDANTS did so knowing the statements were false, or with a reckless disregard to the truth of those statements, or in the alternative, was negligent in making those statements. Specifically, DEFENDANTS claimed that PLAINTIFFS failed to respond to a call involving a fire in a dumpster at Hilltop Apartments and claimed to have videotapes showing this occurred.

31. In fact, PLAINTIFFS assisted firefighters in putting out the above-referenced fire.

32. As the result of those statements, PLAINTIFFS were damaged in that PLAINTIFFS were required to expend their time explaining to an FDACS investigator that the statements

were false. PLAINTIFFS have been damaged further in that future employers will ask if they have ever been investigated in connection with their security licenses and they have suffered mental anguish and personal humiliation.

33. DEFENDANTS' statement was defamatory in that DEFENDANTS claimed that PLAINTIFFS were not competent to perform their jobs and carry licenses.

34. Upon information and belief, DEFENDANTS made the defamatory statements with a desire to strip PLAINTIFFS of their licenses in order to prevent PLAINTIFFS from going to work for a competitor of DEFENDANTS.

WHEREFORE, PLAINTIFFS demand judgment against DEFENDANTS for damages in an amount to be determined at trial, including compensatory damages and other affirmative relief, together with such additional relief as the interests of justice may require, and further demand a trial by jury on all issues so triable.

### COUNT THREE
### RETALIATION

35. The foregoing paragraphs are hereby incorporated by reference as though fully set forth herein.

36. PLAINTIFFS engaged in protected activity under the FLSA by bringing their actions.

37. As the result of bringing this action, upon information and belief, AK acting at the direction of KRASNOV brought counterclaims against PLAINTIFFS ZUFELT and MILLS.

38. It was PLAINTIFFS ZUFELT and MILLS engaging in the above-described protected activity that led to DEFENDANTS bringing their counterclaim against PLAINTIFFS and that counterclaim was a direct consequence of the protected activity.

WHEREFORE, PLAINTIFFS demand judgment against DEFENDANTS for

6

damages in an amount to be determined, injunctive relief prohibiting DEFENDANTS from making similar frivolous counterclaims, compensatory damages and other affirmative relief, together with such additional relief as the interests of justice may require, and further demand a trial by jury on all issues so triable.

Respectfully submitted this 4th day of June, 2012.

                        Respectfully submitted,

                        **FISHER, BUTTS, SECHREST,**
                        **& WARNER, P.A.**

                        **/s/ Matthew W. Birk**
                        **Matthew W. Birk**
                        Florida Bar No.: 92265
                        5200 S.W. 91st Terrace, Suite 101
                        Gainesville, FL 32608
                        (352) 373-5922
                        (352) 373-5921 FAX
                        mbirk@fbswlaw.com
                        ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I CERTIFY that on June 4, 2012, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served today on all counsel of record via transmission of Notice of Electronic filing generated by CM/ECF.

**FISHER, BUTTS, SECHREST & WARNER, P.A.**

__/s/ Matthew W. Birk__
**Matthew W. Birk**
Florida Bar No.: 92265
5200 S.W. 91st Terrace, Suite 101
Gainesville, FL  32608
(352) 373-5922
(352) 373-5921 FAX
mbirk@fbswlaw.com
ATTORNEYS FOR PLAINTIFF