UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KENNETH MILLS and
ROCKIE ZUFELT

    Plaintiffs,

v.

AK SECURITY SERVICES, LLC,
And ALEXANDER KRASNOV,

    Defendants.
_____/

Case No. 3:11-cv-1197-J-37TEM
Consolidated with
Case No. 3:11-cv-1197-J-37TEM

**DEFENDANTS' MOTION TO DISMISS COUNT III OF AMENDED COMPLAINT**

Defendants, AK SECURITY SERVICES, LLC, and ALEXANDER KRASNOV ("Defendants" collectively) move to dismiss Count III of Plaintiffs' Complaint for Retaliation, and in support of the Motion, Defendants state as follows:

### INTRODUCTION

Plaintiffs filed a three count Complaint against Defendants. Count I alleges violation of the Fair Labor Standards Act pursuant to 29 U.S.C. § 201, *et seq.*; Count II alleges Defamation; and Count III is a claim for Retaliation. Count III alleges Defendants brought counterclaims against Plaintiffs because Plaintiffs engaged in protected activity by suing Defendants as stated above. Plaintiffs allege the counterclaims brought by Defendants were a direct consequence of the protected activity. Plaintiffs cannot, as a matter of law, maintain a claim for retaliation because such a claim restricts Defendants' access to courts and is therefore barred by Florida's litigation privilege.

### MEMORANDUM OF LAW

I. Standard for Motion to Dismiss

1

Pursuant to Rule 12(b)(6), a complaint will be dismissed if it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). When on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action, dismissal of the complaint is appropriate. *Marshall County Bd. of Education v. Marshall County Gas Dist*, 992 F.2d 1171, 1174 (11th Cir. 1993). Additionally, Rule 12(b) states "[i]f on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56..." As discussed below, Plaintiffs cannot, as a matter of law, maintain a claim for retaliation because such a claim restricts Defendants' access to courts and is therefore barred by Florida's litigation privilege. Thus, Count III of Plaintiffs Complaint is barred pursuant to Federal and Florida precedent.

    II.    Plaintiffs' Retaliation Claim (Count III) fails to state a claim upon which relief may be granted and must be dismissed because such a claim restricts Defendants' access to courts and Defendants' right to petition and is therefore barred by Florida's litigation privilege.

In *Kentish v. Madahcom, Inc.*, 566 F.Supp.2d 1343 (M.D. Fla. 2008), the Plaintiff was involved in a wage and hour claim similar to the case at bar. Plaintiff moved to amend his complaint to state a claim for retaliation. *Id.* at 1344-45. The Middle District Tampa Division denied the motion to amend and discussed and distinguished the rationale and holding of a pair of Fourth Circuit cases reviewed and decided by the Supreme Court. *See id.* 1343-46.

The Middle District applied Florida law when evaluating the retaliation claim because the defendant's counterclaim was for breach of contract. *Id.* 1348. The Court reiterated "access to

courts" is vigorously protected by Florida courts, and cited to Article I, Section 21 of the Florida Constitution: "[t]he courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay." *Id.* The Court acknowledged a litigation privilege is recognized providing "absolute immunity for acts occurring during the course of judicial proceedings." *Id.* (internal citations omitted). This privilege was expanded by the Florida Supreme Court beyond First Amendment protections involving defamation actions "to cover all acts related to and occurring within judicial proceedings...." *Id.* (internal citations omitted). The purpose behind expanding the protection of the litigation privilege is to ensure litigants are unhindered in prosecuting or defending a lawsuit without fear of being forced to later defend their actions in a subsequent civil action. *Id.*

In *Madahcom*, the plaintiff brought the retaliation claim contending defendant's counterclaim was in retaliation for plaintiffs suing defendants pursuant to the Fair Labor Standards Act. *Id.* at 1349. The Court articulated that the right to petition a court is one of "the most precious of the liberties safeguarded by the Bill of Rights...". *Id.* In denying plaintiff's motion to amend to state a claim for retaliation, the Court held: "**[a]llowing Plaintiff to maintain its retaliation claim would restrict Defendant's access to courts and its right to petition ... [a]ccordingly, Plaintiff's proposed claim for retaliation is futile, and his motion should be [*sic*] denied to the extent it seeks to add [a count for retaliation]**. *Id.* [emphasis added]. The Court provided a thorough rationale to support the holding:

> Moreover, allowing Plaintiff to proceed with his retaliation claim runs the risk of creating a "race to the courthouse." For example, if an employer files first, the filing cannot be considered to be in retaliation for an act that has not yet occurred, to wit: the filing of the FLSA claim. But, an employer may elect not to file a

> legitimate claim for economic reasons, such as the payment of court costs and attorney's fees. If the employee is the first to file, the employer, no longer restrained by the same economic considerations, would be chilled from filing a reasonably based counterclaim that might form the basis of a retaliatory action. Such a result would unfairly burden the employer's right to petition.

*Id.*

The Court reasoned the proper way to handle a retaliation claim filed without a reasonable basis is by filing for litigation sanctions. *Id.* However, the Court opined the reverse is also true: in the event an employer's claims are reasonably based, and the employee brings a claim for retaliation knowing the allegations of underlying conduct supporting the claim are baseless, the employee and his attorney are subject to litigation sanctions. *Id.*

Defendants respectfully call this Court's attention to the Middle District's holding in *Sederquist v. Industorial Engineering & Development, Inc.*, 2011 WL 3331307, *2 (M.D. Fla. 2011), wherein the Court mentions there are circumstances the sufficiency of a retaliation claim may be better addressed at the summary judgment stage. However, the Court in this case also stated a plaintiff must allege that the counterclaim lacks a reasonable basis in fact or law. In the case at bar, Plaintiffs fail to allege the counterclaims lack a reasonable basis in fact or law, and must be dismissed regardless of which case this Court elects to follow.

   III.   Conclusion

Plaintiffs' claim for retaliation must be dismissed as a matter of law. Plaintiffs are fully aware of the facts of Defendants' counterclaim. Defendants have ample evidence demonstrating Plaintiffs breached their non-compete agreements and misappropriated proprietary information belonging to Defendants resulting in Defendants losing a customer. Defendants specifically alleged this was the basis for terminating Plaintiffs, and Plaintiffs are fully aware Defendants

4

have a reasonable basis to bring their counterclaim. Additionally, Plaintiffs failure to allege Defendants' counterclaims lack a reasonable basis warrant a dismissal of the Complaint.

Wherefore, for the reasons set forth herein, Count III of Plaintiffs' Complaint must be dismissed with prejudice.

**SHARMA & MOORE, P.A.**

/s/ Ben Moore
**BENJAMIN C. MOORE, ESQUIRE**
Florida Bar No.: 773581
12058 San Jose Blvd., Suite 501
Jacksonville, FL 32223
Email: Ben@SharmaMoore.com
(904)428-8236 telephone
(480)393-4935 E-Facsimile
Attorney for Defendant

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 8, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notice of Electronic Filing generated by CM/ECF.

/s/ Ben Moore
Attorney

### SERVICE LIST

Michael D. Sechrest, Esq. and
Matthew. W. Birk, Esq.
Fisher, Butts, Sechrest, Warner, & Palmer, P.A.
5200 S.W. 91st Terrace, Suite 101
Gainesville, FL 32608