UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KENNETH MILLS and
ROCKIE ZUFELT

    Plaintiffs,

v.

AK SECURITY SERVICES, LLC,
And ALEXANDER KRASNOV,

    Defendants.
_____/

Case No. 3:11-cv-1197-J-37TEM
Consolidated with
Case No. 3:11-cv-1197-J-37TEM

## DEFENDANTS' COUNTERCLAIMS

COMES NOW the Counter-Plaintiffs, AK Security Services, LLC (hereinafter "AK Security"), and Alexander Krasnov (hereinafter "Krasnov" and "Counter-Plaintiffs" collectively), and hereby counterclaims and sues the Counter-Defendants, Rockie Zufelt (hereinafter "Zufelt"), and Kenneth Mills (hereinafter "Mills" and "Counter-Defendants" collectively) and as grounds therefore states as follows:

### GENERAL ALLEGATIONS

1. This Court has jurisdiction of the underlying matter pursuant to 28 U.S.C. §1337 and the FLSA. Consequently, this Court has supplemental jurisdiction over these state law claims pursuant to 28 U.S.C §1367.

2. AK Security is a Florida corporation, which has its principal place of business in Duval County, Florida and is otherwise sui juris.

3. Alexander Krasnov is a resident of Duval County, Florida.

4. Zufelt is an individual who has availed himself of the jurisdiction of this Court in his underlying claim and is otherwise sui juris.

1

5. Mills is an individual who has availed himself of the jurisdiction of this Court in his underlying claim and is otherwise sui juris.

6. At all times relevant to this action, Counter-Defendants were hired by AK Security as security guards. Counter-Defendants were hired as independent contractors and were responsible for documenting time worked.

7. At various times throughout Counter-Defendants' tenure with AK Security, Counter-Defendants failed to properly document their time, causing their record of hours worked to be greater than the time they actually worked.

8. Counter-Defendants documented a certain amount of time as worked, which in reality was spent "off the clock" engaging in personal matters.

9. Several customers of AK Security lodged complaints in relation to Counter-Defendants' quality of work performed, which caused Counter-Plaintiffs to spend valuable time responding to customer complaints. Additionally, Counter-Plaintiffs were forced to spend valuable time correcting reports falsified by Counter-Defendants responding to Counter-Defendants' several violations which included carrying unauthorized weapons and excessive use of force.

10. In September of 2011, Counter-Plaintiffs learned from a client that Counter-Defendants were attempting to solicit a third-party competitor to compete with AK Security, and providing confidential proprietary information and trade secrets to a third-party in direct violation of a noncompete agreement signed by Counter-Defendants. See Exhibits "A" and "B" attached hereto and incorporated by reference herein.

11. Upon investigation, Counter-Plaintiffs discovered Counter-Defendants solicited a third-party competitor and provided the competing company with Counter-Plaintiffs' trade secrets and confidential information pertaining to information and processes by which Counter-

Plaintiffs implement and conduct security for a particular account where Counter-Defendants were on site providing security services on behalf of AK Security.

12. As a result, Counter-Plaintiffs were forced to reduce their contractual rate with the client to avoid losing the client to the third-party competitor, resulting in a significant loss of revenue, and ultimately Counter-Plaintiffs lost this client's business.

13. AK Security's competitor gained access to their trade secrets and confidential processes thereby deluding the value of Counter-Plaintiffs' intellectual property and gaining a substantial advantage when competing for the client.

## COUNT I – UNJUST ENRICHMENT

14. Counter-Plaintiffs reallege, reaver and reincorporate by reference all of the allegations contained in paragraphs numbered 1 through 13 of the General Allegations herein.

15. Counter-Defendants received a financial benefit from the overpayment by Counter-Plaintiffs for time based on Zufelt's and Mills' failure to properly document time thereby causing their record of hours worked to be greater than the time they actually worked, by documenting time as worked which in reality was spent "off the clock" engaging in personal matters, and by continuing to receive payment even though Counter-Plaintiffs were forced to spend valuable time responding to customer complaints as a result of Counter-Defendants' quality of performance.

16. Counter-Defendants accepted these benefits.

17. Counter-Defendants failed to notify AK Security of such compensation received and accepted by Counter-Defendants which was not earned or owed to Counter-Defendants.

18. By virtue of the circumstance surrounding the procurement of Counter-Plaintiffs' overpayment specified herein, Counter-Defendants knowingly and voluntarily accepted the benefits bestowed.

19. It would be inequitable for this court to allow Counter-Defendants to retain the benefits or to be unjustly enriched at the expense of Counter-Plaintiffs.

WHEREFORE, Counter-Plaintiffs AK Security and Krasnov respectfully request this Honorable Court enter a judgment in favor of Counter-Plaintiffs and against Counter-Defendants Zufelt and Mills for damages together with interest, costs of suit and such further relief as this Court deems just and proper.

## COUNT II – BREACH OF CONTRACT

20. Counter-Plaintiff AK Security realleges, reavers and reincorporates by reference all of the allegations contained in paragraphs numbered 1 through 13 of the General Allegations herein.

21. AK Security and Counter-Defendants entered into a noncompete agreement attached hereto as Exhibits "A" and "B".

22. The noncompete agreement provides Counter-Defendants "agree to retain said information as confidential and not use said information on his own behalf or disclose same to any third party."

23. Counter-Defendants breached the noncompete agreements when they solicited a company and provided the company with AK Security's trade secrets and confidential information pertaining to an AK Security account where Counter-Defendants were on site providing security services on behalf of AK Security.

24. As a result, AK Security suffered damages in that AK Security was forced to reduce its contractual rate with the third-party client, resulting in a significant loss of revenue; and as a result, AK Security's competitors gained access to their trade secrets and confidential processes thereby deluding the value of AK Security's intellectual property.

WHEREFORE, Counter-Plaintiff AK Security respectfully requests this Honorable Court enter a judgment in favor of AK Security and against Counter-Defendants Zufelt and Mills for compensatory, consequential, and incidental damages, together with interest, costs of suit and such further relief as this Court deems just and proper.

### COUNT III – MISAPPROPRIATION OF TRADE SECRET INFORMATION

25. Counter-Plaintiffs reallege, reaver and reincorporate by reference all of the allegations contained in paragraphs numbered 1 through 13 of the General Allegations herein.

26. This is an action by Counter-Plaintiffs against Counter-Defendants for misappropriation of the confidential proprietary information and trade secrets as pled in paragraphs 1 through 13.

27. Counter-Defendants misappropriated and converted to their own use Counter-Plaintiff's confidential proprietary information and trade secret processes, and provided them to a third-party competitor with the intent of damaging Counter-Plaintiffs. This information constitutes trade secret information belonging solely to Counter-Defendants.

28. Pursuant to the noncompete agreements, Counter-Defendants owed a duty to Counter-Plaintiffs to retain this information as confidential and not to use the information on their own behalf or disclose same to any third-party.

29. Counter-Defendants breached this duty by knowingly, intentionally and unjustifiably converting the trade secret and confidential proprietary information to their own use and using them for unauthorized purposes.

30. Counter-Defendants' misappropriation of trade secrets and confidential proprietary information was willful and malicious in that they knew the trade secrets belonged to Counter-Plaintiffs, yet they intentionally misappropriated the trade secrets in order to achieve financial gain while simultaneously injuring Counter-Plaintiffs.

31. The damages to Counter-Plaintiffs are irreparable because Counter-Plaintiffs cannot maintain the confidential information after its trade secrets have been misappropriated and become known to others. Furthermore, Counter-Plaintiffs' current clients, lead sources and future client leads are in jeopardy of harm as a result of the misappropriation of Counter-Plaintiffs' trade secrets. Counter-Defendants should not financially profit and Counter-Plaintiffs should not lose market share as a result of Counter-Defendants' misappropriation of Counter-Plaintiffs' trade secrets.

32. As a result of the misappropriation of the trade secrets, Counter-Plaintiffs have been damaged as pled in paragraphs 12 to 13.

WHEREFORE, Counter-Plaintiffs respectfully request this Honorable Court enter a judgment in favor of Counter-Plaintiffs for injunctive relief against Counter-Defendants Zufelt and Mills, and for compensatory, consequential, and incidental damages, together with interest, costs of suit and such further relief as this Court deems just and proper.

### COUNT VII – VIOLATION OF UNIFORM TRADE SECRETS ACT

33. Counter-Plaintiffs AK Security and Krasnov reallege, reaver, and reincorporate by reference all of the allegations contained in paragraphs numbered 1 through 13 of the General Allegations herein.

34. This is an action by Counter-Plaintiffs against Counter-Defendants for violation of Chapter 688, Florida Statutes, Florida's Uniform Trade Secrets Act in relation to facts pled in paragraphs 1 through 13.

35. The trade secrets and confidential proprietary information misappropriated by Counter-Defendants were subject to reasonable efforts taken by Counter-Plaintiffs to maintain the secrecy and privacy of such information and material.

36. The trade secrets and confidential proprietary information misappropriated by Counter-Defendants derived independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by other persons who could obtain a common value from its disclosure or use.

37. The trade secrets and confidential proprietary information misappropriated by Counter-Defendants constitute "trade secrets" as that term is defined in Chapter 688, Florida Statutes.

38. As a direct and proximate result of Counter-Defendants' improper actions in wrongfully taking and, upon information and belief, using the trade secrets, Counter-Plaintiffs have been damaged as pled in paragraphs 12 to 13.

39. Counter-Defendants have willfully and maliciously misappropriated Counter-Plaintiffs' confidential proprietary information and trade secrets, and as such, Counter-Defendants are liable for Counter-Plaintiffs' attorney's fees pursuant to Section 688.005, Florida Statutes.

WHEREFORE, Counter-Plaintiffs AK Security and Krasnov respectfully request this Honorable Court enter a judgment in favor of Counter-Plaintiffs for injunctive relief against Counter-Defendants Zufelt and Mills, and for compensatory, consequential, and incidental damages, together with interest, costs of suit, attorney's fees and such further relief as this Court deems just and proper.

SHARMA & MOORE, P.A.

/s/ Ben Moore
BENJAMIN C. MOORE, ESQUIRE
Florida Bar No.: 773581
12058 San Jose Blvd., Suite 501
Jacksonville, FL 32223
Email: Ben@SharmaMoore.com

7

(904)428-8236 telephone
(480)393-4935 E-Facsimile
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 8, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notice of Electronic Filing generated by CM/ECF.

/s/ Ben Moore
Attorney

## SERVICE LIST

Michael D. Sechrest, Esq. and
Matthew. W. Birk, Esq.
Fisher, Butts, Sechrest, Warner, & Palmer, P.A.
5200 S.W. 91st Terrace, Suite 101
Gainesville, FL 32608