UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

KENNETH MILLS and ROCKIE ZUFELT,
 on behalf of themselves and those similarly
situated,

       Plaintiffs/Counter-Defendants,

                                 Case No.: 3:11-cv-1196-J-37TEM
v.                                  consolidated with
                                 Case No.: 3:11-cv-1197-J-37TEM
AK SECURITY SERVICES, LLC,

       Defendant/Counter-Plaintiff,

and ALEXANDER KRASNOV,

       Defendants.

_____

## JOINT MOTION FOR APPROVAL OF SETTLEMENT
## AND INCORPORATED MEMORANDUM OF LAW

      The parties, by and through their undersigned counsel, jointly request that this Honorable

Court approve the parties' settlement of the above-captioned matter.  Since Plaintiffs' action and

claims arise under the Fair Labor Standards Act ("FLSA"), the parties' settlement must be

approved by this Court.  A copy of the proposed settlement agreements for Plaintiffs Kenneth

Mills and Rockie Zufelt, and their co-worker, Mark Sturgill is attached hereto as Exhibit "A."

### I.    Legal Analysis

      In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the

settlement for fairness," and determine that the settlement is a "fair and reasonable resolution of

a bona fide dispute over FLSA provisions." *Lynn's Food Stores v. United States*, 679 F.2d 1350,

1352-53 (11th Cir. 1982).  A settlement entered into in an adversarial context where both sides

are represented by counsel throughout litigation "is more likely to reflect a reasonable

compromise of disputed issues." *Id.* The district court may approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.* at 1354.

The settlement of this action involves a situation in which the Court may approve the parties' settlement to resolve the employees' FLSA claims against Defendants. The proposed settlement arises out of an action brought by Plaintiffs Mills and Zufelt against their employer, and was adversarial in nature. During the litigation and negotiation of the settlement of this action, the employees and Defendants were represented by counsel experienced in FLSA matters.

The parties agree that this action involves disputed issues, including primarily whether Plaintiffs Mills and Zufelt and their co-worker, Sturgill were exempt or non-exempt employees, and if non-exempt, the number of overtime hours they worked. The parties also disputed whether liquidated damages are appropriate.

Mills, Zufelt and Sturgill worked as licensed armed security guards for AK Security. The three worked the same schedule and all three started working for AK Security around the same time. They were designated by AK Security as independent contractors and all three worked 44 hours per week. They received straight pay of between $11 and $11.50 and AK did not pay them time and one-half when they worked beyond 40 hours per week although they were compensated for all hours they claimed to have worked at their regular rate of pay.

Plaintiffs and Sturgill worked from February 2011 until August or September 2011. Based upon the pay and time records in their possession, the employees' claims potentially were worth $23 per week (calculated at $11.50 divided by 2, multiplied by 4 hours per week), or $552 for Mills and Sturgill and $660 for Zufelt, and an equal amount for each in liquidated damages.

Defendants argued that any violation was non-willful and that liquidated damages are not

2

appropriate in this matter. Defendants maintain that the security guards were exempt employees and that even if they were not exempt, the hours they claimed to have worked were excessive.

At the time of answering this Court's interrogatories, on March 28, 2012, Plaintiffs' attorney, Matthew W. Birk had spent 21.8 hours of time working on the then-separate Zufelt and Mills cases. Since then, approximately 15 additional hours have been spent by attorney Birk on their claims and the claims of Sturgill.

After discussing their respective positions and exchanging information, the parties participated in a settlement conference. During negotiations at and following the settlement conference, the parties analyzed and discussed the issues and exchanged various settlement offers before the employees accepted Defendants' most recent offer. The parties agree that the settlement negotiated and reached by the parties reflects a reasonable compromise of all of the disputed issues and reflects a desire by all parties to end the litigation. Further, the parties negotiated separately the employees' claims for unpaid overtime and payment of counsel fees plus reimbursement of costs. Under the terms of the settlement, each employee will receive $400, with attorney's fees and costs paid separately. The parties also separately negotiated the employees' defamation and retaliation claims and Defendants' counterclaim. The employees and attorney Birk discussed the legal and factual issues throughout this litigation, including during settlement negotiations. The parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. All parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

## II.    Terms of Settlement

The total gross settlement Defendants have agreed to pay to settle all claims raised by the employees and any legal fees due to their attorney is $3,000. The total sum of $3,000 is to be

3

allocated as follows:

A.     Plaintiffs Mill and Zufelt and their co-worker Sturgill:  The parties have agreed to settle each employee's claim for $400, which will be paid as unpaid overtime wages. Defendants agreed to compromise and pay overtime compensation allegedly owed, notwithstanding their possible exemption and factual defenses and defense to liquidated damages.  After settlement negotiations, analyzing the factual and legal issues, and consultation with their attorney, each employee agreed to accept $400 in damages to resolve their respective claims in full.

B.     Attorney's Fees and Costs:   Attorney Birk's law firm, Fisher, Butts, Sechrest & Warner, P.A. will receive $1,800 in attorney's fees and costs.  This includes $825 in costs and a compromise of attorney time.  The parties agree this fee is reasonable under the circumstances of this case, and it was negotiated separately from the employees' recovery, without regard for the amount of that recovery.  *See Bonetti v. Embarq Management Co.*, 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009).

**III.    Conclusion**

For all of the foregoing reasons, the parties jointly and respectfully request this Honorable Court to approve the settlement agreement between Plaintiffs and Defendants, dismiss

the instant action with prejudice, and execute the attached Order Approving Settlement

Agreement.

Respectfully submitted this 2nd day of August, 2012.


**FISHER, BUTTS, SECHREST**
**& WARNER, P.A.**

**SHARMA & MOORE, P.A.**


_____/s/ Matthew W. Birk_____
**Matthew W. Birk, Esquire**
Florida Bar No.: 92265
5200 S.W. 91st Terrace, Suite 101
Gainesville, FL  32608
(352) 373-5922
(352) 373-5921 FAX
mbirk@fbswlaw.com
ATTORNEYS FOR PLAINTIFF

_____/s/Ben Moore_____
**Benjamin C. Moore, Esquire**
Florida Bar No.: 773581
12058 San Jose Blvd., Suite 501
Jacksonville, FL 32223
(904) 428-8236
(480) 393-4935 FAX
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I CERTIFY that on August 2, 2012, I electronically filed the foregoing with the Clerk of

Court using CM/ECF.  I also certify that the foregoing document is being served today on all

counsel of record via transmission of Notice of Electronic filing generated by CM/ECF.

**FISHER, BUTTS, SECHREST**
**& WARNER, P.A.**


___/s/ Matthew W. Birk_____
**Matthew W. Birk**
Florida Bar No.:  92265
5200 S.W. 91st Terrace, Suite 101
Gainesville, FL  32608
(352) 373-5922
(352) 373-5921 FAX
mbirk@fbswlaw.com
ATTORNEYS FOR PLAINTIFF